FIFTH DIVISION 

                                       December 31, 1998

   

 

Nos. 1-96-3791 and 1-96-3855 (consolidated) 

JANE DOE and JOHN DOE,                    ) Appeal from the

                                          ) Circuit Court of

Plaintiffs-Appellants and            ) Cook County

Cross-Appellees,                     )

                                          )

v.                                   )

                                          )

JOHN NOE No. 1, as the Ex'r of the        )

Estate of JOHN NOE No. 2, Deceased;       )                      

NOE No. 3, S.C.; JOHN NOE No. 4,          )

                                          )

Defendants-Appellees and             )

Cross-Appellants                     )

                                          )

(Noe No. 5, Medical Center; and           )

Noe No. 6, Practice Center,               ) Honorable 

                                          ) Patrick E. McGann, 

Defendants-Appellees).               ) Judge Presiding. 

JUSTICE GREIMAN delivered the opinion of the court:  

Plaintiffs Jane Doe (Jane) and her husband John Doe (John) filed an 18-count second amended complaint, asserting several causes of action premised on the underlying allegation that Jane had been exposed to the human immunodeficiency virus (HIV) during two gynecological surgeries by John Noe No. 2 (hereinafter Surgeon), 
i.e.
, the doctor who performed the surgeries and was HIV positive at the time of the surgeries and subsequently died of acquired immune deficiency Syndrome (AIDS).  The crux of plaintiffs' complaint is that Surgeon knew that he was HIV positive when he performed two surgeries on Jane, that he failed to disclose his HIV condition to plaintiffs before the surgeries, and that the surgeries exposed Jane to HIV.  

The trial court dismissed 14 of the 18 counts contained in the subject complaint.  The four counts that were not dismissed  alleged causes of action for negligent infliction of emotional distress upon Jane and derivative loss of consortium claims on the part of John.  

On direct appeal in 
Doe v. Noe
, 293 Ill. App. 3d 1099 (1997), we affirmed the trial court's disposition, finding, in relevant part, that failure to allege actual HIV transmission during the course of the surgeries was not fatal to the complaint.  

On December 2, 1998, the Illinois Supreme Court entered a supervisory order directing this court to vacate its judgment and reconsider it in light of 
Majca v. Beekil
, 193 Ill. 2d 407 (1998).  Pursuant to that mandate, we hereby vacate our judgment in Nos. 1-96-3791 and 1-96-3855 (consolidated).  

In 
Majca
, the supreme court adopted the actual-exposure requirement to claims based on fear of contracting AIDS and held that "[w]ithout proof of actual exposure to HIV, a claim for fear of contracting AIDS is too speculative to be legally cognizable."  
Majca
, 183 Ill. 2d at 420.  The supreme court concluded that absent any evidence or allegation of actual exposure to HIV, a plaintiff cannot state a cause of action for fear of contracting AIDS.  
Majca
, 183 Ill. 2d at 422.  

In the present case, there are no allegations of actual exposure and, therefore, pursuant to 
Majca
, plaintiff has failed to state a legally cognizable claim.  Accordingly, we affirm the trial court's dismissal of counts I through XIV and reverse the trial court's denial of dismissal of counts XV through XVIII. 

We also mention that the instant case presented a certified question: "whether an HIV positive physician has a duty to disclose his or her HIV status to a patient when seeking the patient's consent to preform an invasive medical procedure which exposes the patient to the risk of HIV transmission."  We recognized such a duty in our initial opinion.  In 
Majca
, the supreme court did not mention or discuss the duty issue.  A doctor always has a duty to act within a standard of care and a breach of that duty can subject a doctor to a legal cause of action.  While we acknowledge and follow the holding in 
Majca
 requiring actual exposure to state a cause of action under these circumstances, we believe that the duty issue now remains unresolved.                 

Affirmed in part and reversed in part.  

THEIS and QUINN, JJ., concur.